E. BRENT BRYSON, LTD.
E. BRENT BRYSON, ESQ.
Nevada Bar No. 4933
7730 W. Sahara Ave., Suite 109
Las Vegas, Nevada 89117
702-364-1234 Telephone
702-364-1442 Facsimile

ROBERT M. DRASKOVICH, ESQ.
THE DRASKOVICH LAW GROUP
Nevada Bar No. 6275
815 S. Casino Center Dr.
Las vegas, NV 89101
702-474-4222 Telephone
702-474-1320 Facsimile

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SOMMER RICHARDS, individually<br><br>Plaintiffs,<br><br>vs.<br><br>ONDRE WILLS, in his individual and official capacity; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; DOE OFFICERS I-X inclusive,; and ROES XI-XX inclusive,<br><br>Defendants. | **COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, Sommer Richards, individually, by and through her attorneys E. Brent Bryson, Esq. of the law offices of E. Brent Bryson, LTD., and Robert M. Draskovich, Esq. of The Draskovich Law Group and files her complaint against Defendants, and each of them, states as follows:

## INTRODUCTION

1.       This is a civil rights action arising under both federal and state law for damages resulting from what Plaintiff alleges to be the wrongful conduct of the Las Vegas Metropolitan Police Department ("Metro"), its police officers and/or employees.

## DEMAND FOR JURY TRIAL

2.       Plaintiff demands a jury trial.

## JURISDICTION
### (Federal Causes of Action)

3.     This action is brought by Plaintiff pursuant to 42 U.S.C. §1983 to redress violations perpetrated by the Defendants while acting under color of state law, municipal law, custom or policy of certain rights secured to the Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 and §1343.

## JURISDICTION
### (State Causes of Action)

4.     Jurisdiction for the State causes of action are conferred upon this Court by the doctrine of pendent jurisdiction pursuant to 28 U.S.C. §1367.

## VENUE

5.     Venue is proper in the District of Nevada pursuant to 28 U.S.C. §1391(b) as the claims arose in this district.

## THE PARTIES

6.     Plaintiff, Sommer Richards was and at all times herein mentioned, a resident of the State of Nevada.

7.     Defendant Las Vegas Metropolitan Police Department is a legal entity for the purposes of 42 U.S.C. §1983.  Defendant Las Vegas Metropolitan Police Department (hereinafter referred to as "Metro") is responsible for the enforcement of the law and the protection of the citizenry of the City of Las Vegas and Clark County, Nevada.  Defendant Metro is also responsible for the training, hiring, control and supervision of all its officers and agents as well as the implementation and maintenance of official and unofficial policies.  At all times relevant to this Complaint Defendant Metro employed and controlled all the individually named Defendants.

8.     Defendant Officer Ondre Wills ("Officer Wills"), was and at all times herein mentioned was a resident of the State of Nevada, County of Clark.

9.     Defendant Officer Wills was an officer of the Las Vegas Metropolitan Police Department at all times relevant to this Complaint.  At all times relevant to this Complaint, Officer Wills was acting in his capacity as an agent, servant and employee of the Las Vegas

1  Metropolitan Police Department.

2       10.    Defendant Officer Wills is sued in both his individual and official capacities.

3       11.    Defendant Doe Officers I through X, inclusive, are the individual members of the

4  LVMPD who assisted in, participated in, facilitated, permitted or allowed the violation of

5  Plaintiff's civil rights.   Plaintiff will ask leave of this Court to insert the true names and

6  capacities of such Defendants when the same have been ascertained and will further ask leave to

7  join said Defendants in these proceedings.

8       12.    Defendant Does XI through XX, inclusive, are supervisory and/or policy making

9  officials of LVMPD, as yet unidentified, who have adopted, implemented, maintained or

10  tolerated policies which permitted, facilitated or allowed the violation of the Plaintiff's civil

11  rights or who have negligently trained, hired or supervised officers, agents or employees of

12  LVMPD.  Plaintiff will ask leave of this Court to insert the true names and capacities of such

13  Defendants when the same have been ascertained and will further ask leave to join said

14  Defendants in these proceedings.

15       13.    At all times relevant to this Complaint, all of the actions of the Defendants were

16  performed under color of state law and pursuant to their authority as police officers.

17       14.    That at all times pertinent hereto, Defendants, and each of them, were the agents,

18  servants, employers and/or employees of each other and were acting within the course and scope

19  of said relationship.

20  **FACTS COMMON TO ALL CAUSES OF ACTION**

21       15.    On or about May 12, 2018, the Plaintiff Sommer Richards was experiencing an

22  emotional and psychological episode during the late evening hours.  At approximately 10:15 p.m.

23  "Metro" received a call from a woman that a woman was acting erratically and swinging a shovel

24  in circles.  Shortly after Metro received the call, Officer Ondre Wills arrived on scene and began

25  shouting commands to Richards to drop the shovel.  It is uncertain whether Richards in her

26  emotional state, understood the commands.  Richards is then seen taking a few steps forward

27  while dragging the shovel when Officer Wills yells at her to stop or he will shoot her.  At the

28  time Officer Wills yells for Richards to stop, she is not making any aggressive moves towards

**3**

anyone or shouting any verbal threats.  Richards subsequently begins to walk again dragging the shovel when Officer Wills opens fire on her and shoots her seven times.  As a result of the shooting, Richards was transported by ambulance to a hospital and now suffers from permanent injuries.  Upon information and belief, prior to a full administrative investigation evaluating Wills' conduct could take place, Officer Wills resigned from Metro

## FIRST CAUSE OF ACTION
### (Violations of Civil Rights to Life and Security of Person, 42 U.S.C. §1983)

16.    Plaintiff incorporates by reference paragraphs 1 through 15 though fully set forth herein.

17.    When other alternatives were reasonably available, Officer Wills acted under color of law using deadly force upon the Plaintiff without lawful justification, subjecting the Plaintiff to excessive force, therefore depriving Plaintiff of certain constitutionally protected rights, including but not limited to:

a.    The right not to be deprived of life or liberty without due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

b.    The right to be free from excessive use of force by law enforcement officers as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; and

c.    The right to be free from pre-conviction punishment as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

18.    The wrong and unlawful acts perpetrated by Defendants in intentionally disregarding the constitutional rights of the Plaintiff were wilful, oppressive, malicious and with wanton disregard for the established rights of the Plaintiff.

## SECOND CAUSE OF ACTION
### (Violation of Plaintiff's Civil Rights-Municipal Liability Relationships, 42 U.S.C. §1983)

19.    Plaintiff incorporates by reference paragraphs 1 through 18 as though fully set forth herein.

20.    Plaintiff further alleges, upon information and belief, that it is the policy, practice

and custom of the LVMPD to tolerate and ratify the use of excessive, unreasonable and deadly force by its officers.

21.    Plaintiff also alleges, upon information and belief, that it is the policy, practice and custom of the LVMPD to negligently hire, train and supervise its officers, agents and employees.

22.    That the wrong and unlawful acts perpetrated by the Defendants, and each of them, intentionally disregarding the Constitutional Rights of the Plaintiff was willful, oppressive, malicious and with disregard for the established rights of the Plaintiff.

### THIRD CAUSE OF ACTION
**(Negligence)**

23.    Plaintiff incorporates by reference paragraphs 1 through 22 as though fully set forth herein.

24.    At all times mentioned herein, Defendants were subject to a duty of care to avoid causing unnecessary physical harm and distress to citizens in the exercise of the police function. The conduct of Defendants as set forth herein did not comply with the standard of care to be exercised by reasonable police officers, thus, the Defendants, and each of them, breached their duty of care.

25.    As a direct and proximate result of Defendants' negligence as herein alleged, Plaintiff has been damaged in an amount in excess of $15,000.00, the exact amount to be proven at trial.

### FOURTH CAUSE OF ACTION
**(Negligent Supervision and Training)**

26.    Plaintiff incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27.    Upon information and belief, Defendants LVMPD had prior notice of the Defendant Officer Wills' lack of training in the areas of seizures, the use of deadly and non-deadly force to apprehend suspects.  Defendants LVMPD took no steps to further train him, correct his abuse of authority, or discourage his misconduct.  Indeed, upon information and

belief, Officer Wills was allowed to voluntarily resign prior to a full administrative investigation being completed.

28.   LVMPD has a mandatory duty to properly and adequately train and supervise officers and personnel under their control so as to avoid unreasonable risk of harm to citizens. The LVMPD failed to take necessary, appropriate or adequate measures to prevent the violation of Plaintiff's constitutional and state rights.

29.   LVMPD breached its duty of care to the Plaintiff in that it failed to adequately train and supervise its officers by having inadequate training and supervisory procedures regarding seizures, the use of deadly and non-deadly force to apprehend suspects, and the use of firearms by officers.

30.   As a direct and proximate result of Defendants' conduct as herein alleged, Plaintiff has been damaged in an amount in excess of $15,000.00, the exact amount to be proven at trial

## FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

31.   Plaintiff incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

32.   That Sommer Richards was caused to suffer severe emotional upset, embarrassment, humiliation, and anguish by virtue of Defendants, and each of their intentional, extreme and outrageous conduct in shooting Richards seven times.

33.   As a direct and proximate result of the actions of Defendants, and each of them. Richards was caused to suffer extreme physical, emotional, and psychological injury and harm, all to her detriment in an amount in excess of $15,000.00, the exact amount to be proven at trial.

34.   That the conduct of Defendants, and each of them, wase done wilfully, intentionally, with malice and oppression, and with a conscious disregard for Richards' rights, and therefore Richards is entitled to punitive damages in an amount deemed appropriate to punish the Defendants for their egregious and outrageous conduct.

## ATTORNEY'S FEES

35.   Plaintiff has been required to retain the services of E. Brent Bryson, Esq. and

6

1   Robert M. Draskovich, Esq. to prosecute this action and should be awarded reasonable costs,

2   expenses and attorneys' fees incurred herein pursuant to U.S.C. §§1983 and 1988 and all relevant

3   Nevada Revised Statutes regarding the state claims.

4         WHEREFORE, Plaintiff prays for judgment as follows:

5   As to the Federal claims:

6   1.     For compensatory damages in the amount of $7,000,000.00;

7   2.     For punitive damages against Defendant Officer Wills in the amount of

8          $3,000,000.00;

9   3.     For reasonable attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988;

10  4.     For costs of suit incurred herein; and

11  5.     For such other and further relief as this Court deems just and proper.

12  As to the State Claims:

13  1.     For compensatory damages in an amount in excess of $15,000.00;

14  2.     For punitive damages against all Defendant officers in an amount deemed

15         appropriate by this Court to punish them for their wrongful conduct and set an

16         example to deter further police misconduct;

17  3.     For special damages;

18  4.     For an award of Plaintiff's reasonable attorney's fees and costs of suit incurred

19         herein; and

20  5.     For such other and further relief as this Court deems just and proper.

21  DATED this 26th day of November, 2019.

22                      E. BRENT BRYSON, LTD.

23

24

25                      By s/E. Brent Bryson
                        E. BRENT BRYSON, ESQ.

26                      Nevada Bar No. 4933
                        7730 W. Sahara Ave., Suite 109

27                      Las Vegas, Nevada 89117
                        Attorney for Plaintiff
                     Attorneys for Plaintiffs

28